# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GLADSTONE A. DAINTY,** | * | |
| **Plaintiff** | * | |
| v. | * | Civil Action No.: _____ |
| **WELLS FARGO BANK, N.A.** | * | |
| | * | |
| **Defendant** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), by its attorneys and pursuant to 28 U.S.C. §§ 1332 and 1441, et seq., hereby files this Notice of Removal from the Circuit Court for Prince George's County (Maryland) to the United States District Court for the District of Maryland, and as grounds for removal states:

1. Plaintiff Gladstone A. Dainty ("Plaintiff") filed a Complaint (the "Complaint") against Wells Fargo in the Circuit Court for Prince George's County, on or about June 16, 2016.

2. Wells Fargo was served with a copy of the Complaint and summons on or about July 5, 2016.

3. Plaintiff's Complaint seeks damages, a declaratory judgment and injunctive relief related to a mortgage loan (the "Loan") secured by a deed of trust (the "Deed of Trust") encumbering real estate located in Prince George's County, Maryland (the "Property"). Complaint, ¶ 5.

4. According to the Complaint, Plaintiff is the borrower with respect to the Loan, and Wells Fargo is the servicer of the Loan. Complaint, ¶¶ 5-6.

5. This Court has original jurisdiction over this action under the provision of the United States Code governing diversity jurisdiction. 28 U.S.C. § 1332. Hence, this is a civil action which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

6. According to the Complaint, Plaintiff resides in Prince George's County, Maryland. Complaint, ¶ 1. Thus, Plaintiff is a citizen of Maryland for purposes of determining the existence of diversity of citizenship under 28 U.S.C. § 1332.

7. Wells Fargo is a national banking association that has its main office in South Dakota. See Complaint, ¶ 2. Therefore, Wells Fargo is a citizen of South Dakota for purposes of diversity jurisdiction. See Adam v. Wells Fargo,

2011 WL 3841547 at *1, n.1 (D.Md. Aug. 26, 2011); see also Wachovia Bank v. Schmidt, 503 U.S. 303, 307 (2006) (holding "that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").

      8. Thus, there is complete diversity between the parties.

      9. Plaintiff's Complaint seeks damages "not in excess of $75,000." Complaint, p. 10. In addition, Plaintiff also seeks an injunction prohibiting Wells Fargo from foreclosing under the Deed of Trust. Id.

      10. The Loan secured by the Deed of Trust has an original principal balance of $999,000.00. See Deed of Trust, attached hereto as Exhibit 1.[1]

      11. Thus, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. See Marchese v. Chase, 917 F.Supp.2d. 452, 462 (D.Md. 2013) (holding that amount in controversy in action seeking declaratory relief that would affect lender's right to foreclose was determined by the amount of the subject deed of trust); see also Stevens v. U.S. Bank, 2015 WL 5201578 at *3

---

[1] This Court can take judicial notice of the Deed of Trust because it is recorded in the land records of Prince George's County and its authenticity cannot be disputed. Secretary of State for Defence v. Trimble Navigation Limited, 484 F.3d 700, 705 (4th Cir. 2007); Douglass v. Nti-TSS, Inc., 632 F.Supp.2d 486, 490 n.1 (D.Md. 2009); Schultz v. Braga, 290 F.Supp.2d 637, 651 n.8 (D.Md. 2003). Further, Plaintiff refers to the Deed of Trust in his Complaint. Complaint, ¶ 5.

(D.Md. Sept. 4, 2015) ("courts often look at the value of the mortgage to determine the amount in controversy" when the plaintiff seeks an injunction prohibiting defendant from foreclosing).

12. Removal is timely. Wells Fargo has filed this Notice of Removal within 30 days of being served with the Complaint and summons.

13. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Maryland is the proper venue for removal because Prince George's County, Maryland, the place where this action is pending, is located within the District of Maryland.

14. Attached to this Notice are copies of all papers related to this action received by Wells Fargo.

15. A copy of this Notice has been served on counsel for Plaintiff and will be filed with the clerk of the Circuit Court for Prince George's County.

16. By filing this Notice of Removal, Wells Fargo does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and specifically reserves the right to assert any defenses and/or objections to which Wells Fargo may be entitled.

Respectfully submitted,

*/s/ Robert A. Scott*
Robert A. Scott (Bar No. 24613)
TREANOR POPE & HUGHES, P.A.
500 York Road
Towson, Maryland 21204
Tel: (410) 494-7777
Fax: (410) 494-1658
rascott@tph-law.com

*Attorney for Defendant Wells Fargo Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of August, 2016, a copy of the foregoing Notice of Removal was mailed by first class mail, postage prepaid to:

> Jason A. Ostendorf, Esq.
> One Corporate Center, Suite 400
> 10451 Mill Run Circle
> Owings Mills, Maryland  2117-5594

_/s/ Robert A. Scott_